# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD RICHARD SHELDON,<br><br>Defendant. | Case No. CR13-1019<br><br>ORDER FOR PRETRIAL DETENTION |

On the 21st day of February, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, John D. Jacobsen.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 9, 2013, Defendant Donald Richard Sheldon was charged by Indictment (docket number 3) with one count of attempt and aiding and abetting the attempt to manufacture methamphetamine within 1,000 feet of a school. At the arraignment on February 19, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 21, 2014.

Officer Tom Pregler of the Dubuque Police Department, who is currently assigned to the Drug Task Force, testified regarding the circumstances underlying the instant charge. On January 28, 2013, authorities responded to a fire at Defendant's apartment on Central Avenue in Dubuque. Defendant told authorities that there had been an explosion while he and Codefendant Joshuah Landon Tiesman attempted to manufacture methamphetamine. According to Defendant, Tiesman brought a backpack to Defendant's

apartment with materials necessary to conduct a "one pot" or "shake and bake" methamphetamine cook. Defendant admitted knowing Tiesman had come to the apartment to manufacture methamphetamine, but denied being an active participant. (When Tiesman was questioned, he claimed that Defendant was the cook.) A search of the apartment was conducted pursuant to a search warrant and multiple items consistent with the manufacture of methamphetamine were found. A search of "pseudo logs" in the area revealed that both Defendant and Tiesman purchased pseudoephedrine on multiple occasions. Approximately three weeks prior to the fire, Defendant and Tiesman both attempted to purchase pseudoephedrine at a Walmart in Moline, but were "blocked" because of prior pseudoephedrine purchases.

According to the pretrial services report (which was prepared by a Florida pretrial services officer following Defendant's arrest in that state), Defendant is 47 years old. He was born in Dubuque and lived there until age 18, when he moved to Chicago. At age 40, Defendant moved back to Dubuque, where he has lived for approximately eight years. Four months ago, however, Defendant moved to Florida, where he was arrested. (The Court notes that the indictment was returned on October 9, 2013, Tiesman was arrested on October 29, and the indictment was unsealed on October 30. Defendant apparently left the state at about that time.) Defendant was previously employed as a hairdresser, but has apparently been unemployed since January 2013.

Defendant told the pretrial services officer in Florida that his parents and brother reside in Dubuque. Defendant did not disclose that he is married and his wife also lives in Dubuque. Defendant has two adult children living in Chicago, but has not had any contact with them in a couple of years. If released, Defendant could live with his father.

Defendant is prescribed medication for injuries to his right arm and left leg, suffered when he was burned in the explosion on January 28, 2013. Defendant was previously diagnosed with bipolar disorder, but told the pretrial services officer that he no longer

requires medication. Defendant disclosed that he began using marijuana at age 19 and uses the substance on three occasions each month, with his last usage being two weeks prior to his arrest. Defendant failed to disclose that he also uses cocaine, which was discovered from a urine sample given following his arrest.

Defendant has a relatively modest prior criminal record. In 1985, he was charged with theft in Utah, although the disposition is unknown. In 1997, Defendant was convicted in Florida of possession of marijuana and possession of drug paraphernalia. In 2004, Defendant was charged with domestic violence in Chicago, but the disposition is unknown. On March 23, 2010, Defendant was charged with misdemeanor possession of a controlled substance in Dubuque, and received a deferred judgment. While Defendant was on probation, however, he was charged with operating while intoxicated and his probation was subsequently revoked.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of

conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with attempt and aiding and abetting the attempt to manufacture methamphetamine within 1,000 feet of a school. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Defendant is charged with one count of attempting and aiding and abetting the attempt to manufacture methamphetamine within 1,000 feet of a school. Accordingly, there is a rebuttable presumption that Defendant should be detained pending the trial. Defendant is not employed and has no stable residence. Although he has apparently lived in Dubuque or Chicago his entire life, he left the state for Florida at about the time the indictment was returned in this case. Defendant was not candid with the pretrial services officer in Florida, including his failure to disclose that he was an active user of both marijuana and cocaine. The weight of the evidence against Defendant is strong. While there is no evidence that anyone other than Defendant and Tiesman were injured as a result of the explosion and fire, the manufacture of methamphetamine constitutes a danger to the community. After considering all of the circumstances, the Court concludes Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.   The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.   On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.   The time from the Government's oral motion to detain (February 19, 2014) to the filing of this Ruling (February 24, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(D).

DATED this 24th day of February, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA